# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL HARPER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CR-148-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Harper appeals his within-guidelines sentence of 97 months of imprisonment imposed following his guilty plea conviction of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  He asserts that his sentence is substantively unreasonable given the facts of the case, contending that it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31148

We review an appellant's claim that the imposed sentence is substantively unreasonable for abuse of discretion. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). A properly calculated sentence within the guidelines range is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). This presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *Id.*

Harper contends that in weighing the sentencing factors, the district court did not adequately consider the mitigating evidence presented regarding his history and characteristics and the nature and circumstances of the offense, specifically his history of substance abuse, prior military service, steady work history, lack of criminal history, and the fact that he did not attempt to produce or sell any pornographic images or attempt to have any inappropriate associations or contact with any children. Harper's argument fails. When the district court considers mitigating evidence and assesses the § 3553(a) factors in determining the sentence imposed, an appellant's argument that the district court committed a clear error of judgment in balancing sentencing factors due to inadequate consideration of mitigating evidence does not rebut the presumption that the within-guidelines sentence is reasonable. *United States v. Hernandez*, 876 F.3d 161, 166-67 (5th Cir. 2017).

At the sentencing hearing, the district court considered the mitigating evidence in this case and assessed the § 3553(a) factors but ultimately determined that the case did not warrant a sentence outside of the advisory guidelines range. Therefore, Harper's disagreement with the court's weighing

No. 18-31148

of the factors is insufficient to rebut the presumption that his within-guidelines sentence is reasonable.  The judgment of the district court is AFFIRMED.